**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EDEN FOODS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-cv-14872 |
| | ) | The Hon. Julian Abele Cook, Jr. |
| CELTIC OCEAN INTERNATIONAL, INC. | ) | Magistrate Judge Capel |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**CELTIC OCEAN INTERNATIONAL, INC.'S ANSWER,
AFFIRMATIVE DEFENSES, & COUNTERCLAIMS**

Celtic Ocean International, Inc. ("Celtic Ocean") responds to the averments contained in the Complaint for Declaratory Judgment filed by Eden Foods, Inc. ("Eden Foods") as follows:

## ANSWER

Celtic Ocean denies any averments not expressly admitted and responds to the enumerated paragraphs of the Complaint for Declaratory Judgment as follows:

1. Celtic Ocean admits the allegations contained in this paragraph.

2. Celtic Ocean admits that in this proceeding Eden Foods seeks a declaratory judgment that its use of the term "CELTIC" is lawful. Celtic Ocean denies all remaining allegations in this paragraph.

3. Celtic Ocean admits that it is the owner of incontestable U.S. Registration No. 2,257,230 of the mark CELTIC SEA SALT®, that Eden Foods seeks declaratory relief in this action, and that Eden Foods has requested that the Court cancel Celtic Ocean's trademark registration. Celtic Ocean denies all remaining allegations in this paragraph.

4. Celtic Ocean admits that Eden Foods seeks injunctive relief in this action. Celtic Ocean denies all remaining allegations contained in this paragraph.

5. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore Celtic Ocean denies those allegations.

6. Celtic Ocean denies that it engages in substantial business in this judicial district and maintains substantial contacts within it. Celtic Ocean admits the remaining allegations contained in this paragraph.

7. Celtic Ocean admits the allegations contained in this paragraph.

8. Celtic Ocean admits the allegations contained in this paragraph.

9. Celtic Ocean admits the allegations contained in this paragraph.

10. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies those allegations.

11. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies those allegations.

12. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies those allegations.

13. Celtic Ocean admits that there is a body of water in the Atlantic Ocean off of the south coast of Ireland named the Celtic Sea. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and therefore denies those allegations.

14. Celtic Ocean admits that salts are harvested from the waters of the Celtic Sea marshes in Brittany, France.  Celtic Ocean further admits that its CELTIC SEA SALT® product literature has included folklore created by Celtic Ocean's founder about an alleged method of harvesting salt that was developed by Celtic peoples.  All remaining allegations contained in this paragraph are denied.

15. Celtic Ocean denies the allegations contained in this paragraph.

16. Celtic Ocean admits that Eden Foods offers products bearing a label that includes the terms "FRENCH CELTIC HAND HARVESTED."  Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of all remaining allegations contained in this paragraph and therefore denies those allegations.

17. Celtic Ocean admits that Eden Foods offers products bearing a label that includes the terms "FRENCH CELTIC HAND HARVESTED."  Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of all remaining allegations contained in this paragraph and therefore denies those allegations.

18. Celtic Ocean denies the allegations contained in this paragraph.

19. Celtic Ocean denies the allegations contained in this paragraph.

20. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies those allegations.

21. Celtic Ocean denies the allegations contained in this paragraph.

22. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies those allegations.

23. Celtic Ocean admits that Jacques de Langre founded the Grain and Salt Society and that the Grain and Salt Society imports and distributes sea salt.  Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and therefore denies those allegations.

24. Celtic Ocean admits the allegations contained in this paragraph.

25. Celtic Ocean admits that its CELTIC SEA SALT® product literature has included folklore created by Celtic Ocean's founder about an alleged method of harvesting salt from the Celtic Ocean.

26. Celtic Ocean admits the allegations contained in this paragraph.

27. Celtic Ocean admits the allegations contained in this paragraph.

28. Celtic Ocean admits that on July 11, 2006, its former attorney, David M. Carter, advised Mr. Michael Potter in the letter attached as Exhibit 10 to the Complaint for Declaratory Judgment that Eden Foods' use of "EDEN SEA SALT – FRENCH CELTIC" infringes Celtic Ocean's federally registered mark CELTIC SEA SALT® and requested that Eden Foods cease and desist use of the word "CELTIC" in association with "SEA SALT."  Celtic Ocean further admits that Mr. Carter's correspondence requested a response within two weeks f July 11, 2006 and indicated that in the absence of a response Celtic Ocean would take legal action to protect its rights.  All remaining allegations contained in this paragraph are denied.

29. Celtic Ocean admits the allegations contained in this paragraph.

30. Celtic Ocean admits the allegations contained in this paragraph.

31. Celtic Ocean is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore denies those allegations.

## Count I

## Declaratory Judgment

32. In response to paragraph 32, Celtic Ocean incorporates by reference its responses to the averments contained in paragraphs 1-31.

33. Celtic Ocean denies the allegations contained in this paragraph.

34. Celtic Ocean admits that Eden Foods seeks a declaratory judgment but denies that it is entitled to one.

## Count II

35. In response to paragraph 35 Celtic Ocean incorporates by reference its responses to the averments contained in paragraphs 1-34.

36. Celtic Ocean denies the allegations contained in this paragraph.

## Count III

## Unjust Enrichment

37. In response to paragraph 37 Celtic Ocean incorporates by reference its responses to the averments contained in paragraphs 1-36.

38. Celtic Ocean denies the allegations contained in this paragraph.

## **CELTIC OCEAN INTERNATIONAL, INC.'S AFFIRMATIVE DEFENSES**

As its Affirmative Defenses, Celtic Ocean alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Eden Foods has failed to state claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought by Eden Foods has is barred by the equitable doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

The relief sought by Eden Foods is barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The relief sought by Eden Foods is barred by the equitable doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

The relief sought by Eden Foods is barred by the equitable doctrine of acquiescence.

### <u>CELTIC OCEAN INTERNATIONAL, INC.'S COUNTERCLAIMS</u>

Counterclaimant Celtic Ocean International, Inc. ("Celtic Ocean") states the following for its counterclaims against Eden Foods, Inc. ("Eden Foods").

### INTRODUCTION

1. This is an action at law and in equity for unfair competition, trademark infringement arising under the federal Lanham Act, 15 U.S.C. §§ 1051 *et seq*, the laws of the State of Michigan, the State of North Carolina, and the common law.

### JURISDICTION & VENUE

2. This Court has jurisdiction of the subject matter and the parties under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the cause of action occurred in the Eastern District of Michigan and because Eden Foods does business in the Eastern District of Michigan.

### THE PARTIES

3. Celtic Ocean is a North Carolina corporation with its principal place of business at 4 Celtic Drive, Arden, North Carolina 28704.

4. On information and belief, Eden Foods is a Michigan corporation located at 701 Tecumseh Road, Clinton, Michigan 49236.

6

US2000 9937662.2

**RELEVANT FACTS**

5. Celtic Ocean is the owner of the CELTIC SEA SALT® trademark. Celtic Ocean has enjoyed unparalleled success as a leading importer and distributor of unprocessed whole salt products, which are marketed under the mark CELTIC SEA SALT® . Celtic Ocean has continuously and exclusively used its CELTIC SEA SALT® mark in connection with its unprocessed whole salt products since at least as early as 1986. The term "CELTIC" is the dominant portion of the CELTIC SEA SALT® trademark.

6. Celtic Ocean is the owner of a valid federal registration for its CELTIC SEA SALT® mark (U.S. Registration No. 2,257,230). A copy of the registration certificate issued by the United States Patent and Trademark Office for Celtic Ocean's mark is attached to the Complaint for Declaratory Judgment ("the Complaint") as Exhibit 6. By virtue of over five years of registration, and through Celtic Ocean's filing of a declaration under 15 U.S.C. § 1065, Celtic Ocean's registration for its CELTIC SEA SALT® mark is incontestable.

7. Celtic Ocean is the owner of the domain name <www.celticseasalt.com>, which it uses in connection with an Internet web site promoting Celtic Ocean's unprocessed whole salt products.

8. Celtic Ocean's CELTIC SEA SALT® mark is an important factor employed by the public in identifying the source of Celtic Ocean's goods and is distinctive of those goods.

9. Celtic Ocean has extensive sales of products in connection with its CELTIC SEA SALT® mark.

10. As a result of widespread advertising and promotion by Celtic Ocean, the mark CELTIC SEA SALT® has acquired a high degree of recognition and distinctiveness as a symbol

of the quality of products offered by Celtic Ocean prior to the date that Eden Foods adopted "EDEN SEA SALT FRENCH CELTIC."

11. Eden Foods has been aware of Celtic Ocean's use of the mark CELTIC SEA SALT® in connection with unprocessed whole salt products since at least as early as 1997, when Celtic Ocean and Eden Foods entered into discussions regarding the possibility of Eden Foods distributing Celtic Ocean's CELTIC SEA SALT® products.

12. Notwithstanding Eden Foods' knowledge of Celtic Ocean's prior rights in the CELTIC SEA SALT® mark, in approximately July of 2006, Celtic Ocean learned that Eden Foods offers salt products branded as "EDEN SEA SALT FRENCH CELTIC."  (See Exhibit 4 to the Complaint.)

13. Eden Foods' adoption of the term "CELTIC" in close proximity to the terms "SEA SALT" is an intentional and unauthorized attempt to trade off of the success and good will established by Celtic Ocean in its CELTIC SEA SALT® brand.

14.    Eden Foods' conduct is causing immediate and irreparable injury to Celtic Ocean and will continue to damage Celtic Ocean and to deceive the public unless enjoined by this Court.  Celtic Ocean has no adequate remedy at law.

15. Prior to the initiation of this action, counsel for Celtic Ocean and Eden Foods exchanged correspondence in connection with Eden Foods' infringement of Celtic Ocean's CELTIC SEAL SALT® trademark.  (See Exhibits 9-11 to the Complaint.)

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

16. Celtic Ocean repeats and incorporates all of the allegations of paragraphs 1-15 above.

8

17. Eden Foods' use of the EDEN SEA SALT FRENCH CELTIC in connection with goods directly competitive to those of Celtic Ocean is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Eden Foods' products are affiliated, connected, or associated with Celtic Ocean or have the sponsorship, endorsement, or approval of Celtic Ocean.

18. Eden Foods' activities constitute false representations, false descriptions, and false designations of origin of its products in violation of 15 U.S.C. § 1114 that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception and injury to Celtic Ocean's good will and reputation as symbolized by its CELTIC SEA SALT® mark, for which Celtic Ocean has no adequate remedy at law.

19. Eden Foods' actions demonstrate an intentional, willful, and bad faith intent to trade on the good will associated with Celtic Ocean's CELTIC SEA SALT® mark to the irreparable injury of Celtic Ocean.

20. Eden Foods' conduct is causing and is likely to cause substantial injury to the public and to Celtic Ocean. Celtic Ocean is entitled to injunctive relief, and to recover Eden Foods' profits, actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II

## FEDERAL UNFAIR COMPETITION

21. Celtic Ocean repeats and incorporates all of the allegations of paragraphs 1-20 above.

22. By engaging in the acts described above, Eden Foods has used a mark that is confusingly similar to Celtic Ocean's CELTIC SEA SALT® mark.

23. Eden Foods' offering of goods under confusingly similar imitations of Celtic Ocean's CELTIC SEA SALT® mark is causing and is likely to cause confusion, deception, and

9

mistake by creating the false and misleading impression that its goods are affiliated, connected, or associated with Celtic Ocean or have the sponsorship, endorsement, or approval of Celtic Ocean in violation of 15 U.S.C. § 1125(a) .

24.     Eden Foods' actions demonstrate an intentional, willful, and bad faith intent to trade on the good will associated with Celtic Ocean's CELTIC SEA SALT® mark to the great and irreparable injury to Celtic Ocean.

25.     Eden Foods' conduct is causing, and is likely to cause substantial injury to the public and to Celtic Ocean.  Celtic Ocean is entitled to injunctive relief and to recover Eden Foods' profits, and Celtic Ocean's actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT III

## MICHIGAN CONSUMER PROTECTION ACT

26. Celtic Ocean repeats and incorporates all of the allegations of paragraphs 1-25 above.

27. Eden Foods' unauthorized, willful misconduct is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Eden Foods' goods and deceptively represents Eden Foods' goods as being sponsored by, authorized by, or provided by Celtic Ocean, and constitutes deceptive practices and unfair competition in violation of the Michigan Consumer Protection Act, MICH. COMP. LAWS § 445.903 (2007).

28. Eden Foods' acts result in Eden Foods' unjust enrichment.

29. Eden Foods' acts greatly and irreparably damage Celtic Ocean and will continue to damage Celtic Ocean until enjoined by this court. Celtic Ocean is without adequate remedy at law.

US2000 9937662.2

## COUNT IV

**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER N.C. GEN. STAT. § 75-1.1**

30. Celtic Ocean repeats and incorporates all of the allegations of paragraphs 1-29 above.

31. Eden Foods' conduct alleged herein is in commerce and affects commerce in the State of North Carolina, and has a tendency to deceive and mislead.

32. Eden Foods' conduct as described above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. GEN. STAT. § 75-1.1.

33. As a result of Eden Foods' unfair methods of competition and unfair and deceptive trade practices, Eden Foods has been unjustly enriched and Celtic Ocean has suffered and will continue to suffer substantial losses, including but not limited to damages to its business, to its reputation, and to the good will that Celtic Ocean has established in its CELTIC SEA SALT® mark.

34. As a direct and proximate result of the foregoing, Eden Foods is liable to Celtic Ocean for unfair competition and unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1.  The total amount of damages that Celtic Ocean has sustained or will sustain, and the total amount by which Eden Foods has been or will be unjustly enriched, will be proved at trial. Such damages should be trebled pursuant to N.C. Gen. Stat. § 75-16.

35. Eden Foods' unfair methods of competition, and unfair and deceptive trade practices, also has caused and will continue to cause irreparable and inherently unquantifiable injury and harm to Celtic Ocean's business unless such activity by Eden Foods is enjoined.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

36. Celtic Ocean repeats and incorporates by reference the allegations contained in paragraphs 1-35 as if fully set forth here.

37. Eden Foods' intentional use of marks that are confusingly similar to Celtic Ocean's CELTIC SEA SALT® mark is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of Eden Foods' products and falsely and deceptively represents Eden Foods' products as being sponsored by, authorized by, or provided by Celtic Ocean, and constitutes trademark infringement and unfair competition in violation of the common law of the State of Michigan, the State of North Carolina, and the several states.

38. Eden Foods' acts result in Eden Foods' unjust enrichment.

39. Eden Foods' acts greatly and irreparably damage Celtic Ocean and will continue to damage Celtic Ocean until enjoined by this court. Celtic Ocean is without adequate remedy at law.

40. Eden Foods' acts as alleged herein were willful or wanton in nature, demonstrating a willful disregard for Celtic Ocean's rights.  Such willful and wanton conduct is related to the injuries Celtic Ocean has suffered, justifying an award of punitive damages pursuant to N.C. GEN. STAT. § 1D-15(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Celtic Ocean prays that Eden Foods take nothing on its claims against Celtic Ocean, and that this Court award Celtic Ocean judgment in its favor as follows:

1. That Eden Foods and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from

Eden Foods, or in concert or participation with Eden Foods, and each of them, be enjoined from:

    a.    Using any mark or name that incorporates the term "CELTIC" or any other copy, reproduction, or colorable imitation or simulation of Celtic Ocean's CELTIC SEA SALT® mark in connection with the name of Eden Foods' business or Eden Foods' goods or services;

    b.    Using any trademark, service mark, name, logo, or source designation of any kind on or in connection with Eden Foods' goods or services that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the trademarks, service marks, names, or logos, of Celtic Ocean, or that is likely to cause confusion, mistake, deception, or public misunderstanding that Eden Foods' goods or services are produced or provided by Celtic Ocean, or are sponsored by or in any way related to Celtic Ocean; and

    c.    Passing off, palming off, or assisting in passing off or palming off, Eden Foods' products or services as those of Celtic Ocean, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; or

    d.    Otherwise engaging in any acts of unfair competition with Celtic Ocean in any manner whatsoever.

2.    That an accounting be ordered and judgment rendered against Eden Foods for all profits that Eden Foods received from their use of marks or designations confusingly similar to the Celtic Ocean's marks.

US2000 9937662.2

3.  That judgment be entered in favor of Celtic Ocean for all damages sustained on account of Eden Foods' unfair competition and trademark infringement.

4.  That, in view of Eden Foods' willful and deliberate infringement and copying of Celtic Ocean's mark, the award of damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117(a) and N.C. GEN. STAT. § 75-16.

5.  That Celtic Ocean be awarded punitive damages in view of Eden Foods' intentional misconduct and/or conscious disregard for Celtic Ocean's rights.

6.  That Eden Foods be required to pay to Celtic Ocean the costs of this action.

7.  That Eden Foods be required to pay Celtic Ocean its reasonable attorneys' fees pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117.

8.  That Eden Foods be ordered to deliver up for destruction all bags, boxes, labels, tags, signs, packages, receptacles, advertising, promotional material, stationery or other materials in the possession, custody, or under the control of Eden Foods that are found to adopt or infringe any of Celtic Ocean's trademarks or service marks or that otherwise unfairly compete with Celtic Ocean and its products and services.

9.  That Celtic Ocean have such other and further relief as the Court may deem just.

Respectfully submitted,

Freeman L. Farrow
Freeman L. Farrow
MILLER CANFIELD, PADDOCK AND STONE, PLC
150 West Jefferson Suite 2500
Detroit, Michigan  48226-4415
farrow@millercanfield.com
(313) 963-6420

*Of counsel*
Theodore H. Davis Jr.
Carrie A. Johnson

14

Sheila Garber
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia  30309-4530
(404) 815-6500 (ph.)
(404) 815-6555 (fax)
*Attorneys for Celtic Ocean*

15

## **ELECTRONIC PROOF OF SERVICE**

I hereby certify that on April 23, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to James M. Cameron, Jr. and I hereby certify that I have mailed, *via* the United States Postal Service, the foregoing documents to non-ECF participant, J. Timothy Hobbs at the law offices of Wiley, Rein LLP located at 1776 K. Street, N.W., Washington, D.C. 20006.

s/Freeman L. Farrow
Freeman L. Farrow (P57183)
Miller, Canfield, Paddock & Stone, PLC
150 W. Jefferson, Suite 2500
Detroit, MI  48226
(313) 963-6420
farrow@millercanfield.com

DELIB:2846174.1\133442-00001

US2000 9937662.2